# EXHIBIT  A



**RXT / ALL**
**Transmittal Number: 24287313**
**Date Processed: 01/05/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ellen R Widom<br>MasTec, Inc.<br>800 S Douglas Rd<br>Ste 1200<br>Coral Gables, FL 33134-3165 |
| **Electronic copy provided to:** | Michele Laine |

| | |
|---|---|
| **Entity:** | MasTec North America, Inc.<br>Entity ID Number  1755920 |
| **Entity Served:** | Mastec North America, Inc |
| **Title of Action:** | Charles William Head vs. James Raymond White |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Gwinnett County State Court, GA |
| **Case/Reference No:** | 21-C-08938-S6 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 01/05/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Morgan & Morgan Atlanta. PLLC<br>706-324-1227 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08938-S6**
**12/16/2021 4:47 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CHARLES WILLIAM HEAD,
    Plaintiff,

Vs.

JAMES RAYMOND WHITE,
MASTEC NORTH AMERICA, INC.,
    Defendants.

\* \* \* \* \* \* \* \*

Civil Action

File No.: 21-C-08938-S6

JURY TRIAL DEMANDED

### SUMMONS

TO:    MASTEC NORTH AMERICA, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Robert A. DeMetz, Jr.
Morgan & Morgan Atlanta, PLLC
408 12th Street- Suite 200
Columbus, Georgia 31901
(706) 324-1227

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

17th day of December, 2021

This _____ day of _____, 2021.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-08938-S6**

**12/16/2021 4:47 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

CHARLES WILLIAM HEAD,     *
        Plaintiff,         *
                       *     Civil Action

Vs.                      *
                       *     File No.: 21-C-08938-S6

JAMES RAYMOND WHITE,     *
MASTEC NORTH AMERICA, INC.,   *     JURY TRIAL DEMANDED
        Defendants.        *

### SUMMONS

TO:     JAMES RAYMOND WHITE

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Robert A. DeMetz, Jr.
Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
(706) 324-1227

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

17th day of December, 2021

This _____ day of _____, 2021.

Tiana P. Garner

Clerk of State Court

By _____

Deputy Clerk

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-08938-S6**

**12/16/2021 4:47 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHARLES WILLIAM HEAD, | * | |
| Plaintiff, | * | |
| | * | Civil Action |
| Vs. | * | 21-C-08938-S6 |
| | * | File No.: _____ |
| JAMES RAYMOND WHITE, | * | |
| MASTEC NORTH AMERICA, INC., | * | JURY TRIAL DEMANDED |
| Defendants. | * | |

## **SUMMONS**

TO:    ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY


You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Robert A. DeMetz, Jr.
Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
(706) 324-1227

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

17th day of December, 2021
This _____ day of _____, 2021.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08938-S6**
**12/16/2021 4:47 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CHARLES WILLIAM HEAD,         *
     Plaintiff,         *
       *      Civil Action
Vs.         *         21-C-08938-S6
       *      File No.: _____
JAMES RAYMOND WHITE and         *
MASTEC NORTH AMERICA, INC.,         *      JURY TRIAL DEMANDED
     Defendants.         *

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, and states his Complaint against Defendants, as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff is a citizen and resident of the State of Georgia.

2.

Defendant JAMES RAYMOND WHITE (hereinafter "WHITE") is a citizen and resident of the State of Florida, whose last known address is 1693 Mission Road, Marianna, Florida 32448 in Jackson County. Defendant is subject to the venue and jurisdiction of this Court under Nonresident Motorist Act (O.C.G.A. § 40-12-1) by virtue of the fact that Defendant operated a vehicle on the roads located in the State of Georgia and committed a tortious act in Grady County, State of Georgia.

3.

Pursuant to the Georgia Long-Arm Statute, O.C.G.A. § 9-10-91, this Court has jurisdiction over Defendant White because said Defendant committed the tort that is the subject of this lawsuit within the State.

4.

Defendant White may be served, pursuant to the Nonresident Motorist Act, (O.C.G.A. § 40-12-2) by serving the Georgia Secretary of State with the Summons, Complaint and Affidavit of Service. Plaintiff has provided Defendant, by certified mail, a copy of the Summons,

Complaint and Affidavit of Service.

5.

Defendant Mastec North America, Inc. (hereinafter known as "MASTEC") upon information and belief is a foreign profit corporation authorized to do business in the State of Georgia. Defendant Mastec's registered agent for service of process, Corporation Service Company is located at 2 Sun Court – Suite 400, Peachtree Corners, Gwinnett County, Georgia, and may be served at this address. Jurisdiction and venue are proper in this Court.

6.

Defendants White and Mastec are joint tortfeasors and as such, venue as to both Defendants is proper in Gwinnett County, Georgia.

## COUNT I
## NEGLIGENCE OF JAMES RAYMOND WHITE

7.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 6 above as if the same were restated herein verbatim.

8.

On November 19, 2020, Defendant White was employed by Defendant Mastec and was acting within the scope of his employment at the time of the accident. Therefore, Defendant Mastec is liable through the theory or *Respondeat Superior*.

9.

On November 19, 2020, the Plaintiff was driving in a prudent and careful manner on Highway 111 South when he had to stop in the roadway due to construction in Grady County, Georgia.

10.

At or about that same time, Defendant White was driving a 2011 Dodge Ram 2500, owned by Defendant Mastec on Highway 111 South in Grady County, Georgia, when he negligently, recklessly, carelessly and unlawfully operated said vehicle, so as to cause it to collide with the rear end of the vehicle operated by Plaintiff. The impact from that collision damaged the vehicle operated by Plaintiff and caused Plaintiff serious injuries.

11.

At all relevant times, Defendant White owed certain civil duties to Plaintiff, and, notwithstanding those duties, the Defendant White did violate them in the following particulars:

a.      In failing to make a reasonable and proper observation while driving the 2011 Dodge Ram 2500 or if reasonable and proper observation were made, failing to act thereon;

b.      In failing to maintain a safe distance of travel in violation of O.C.G.A. § 40-6-49;

c.      In following too closely in violation of O.C.G.A. § 40-6-49;

d.      In failing to make timely and proper application of his brakes in violation of O.C.G.A §40-6-241;

e.      In failing to observe or undertake the necessary precautions to keep the 2011 Dodge Ram 2500 from colliding with the Plaintiff's vehicle in violation of O.C.G.A. §40-6-390;

f.      In failing to keep the 2011 Dodge Ram 2500 under control at all times in violation of O.C.G.A. §40-6-390;

g.      In driving the 2011 Dodge Ram 2500 without due caution and circumspection and in a manner so as to endanger the person and/ or property of others in the immediate vicinity in violation of O.C.G.A. §40-6-241;

h.      In driving the 2011 Dodge Ram 2500 in reckless disregard for the safety of person and/ or property in violation of O.C.G.A. §40-6-390;

i.      In failing to operate his vehicle in a safe and reasonable manner under the circumstances, in violation of O.C.G.A § 51-1-12; and

j.      In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

12.

Defendant's violations of the aforementioned statutory duties of care constitute negligence and negligence per se.

13.

As a direct and proximate result of the negligence and breach of duty of Defendant White, Plaintiff suffered substantial injuries and damages including medical and other necessary

expenses, mental and physical pain and suffering due to the injuries to his body and nervous system, personal inconvenience, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred past medical expenses in excess of **$19,555.11**.

## COUNT II
## NEGLIGENCE OF MASTEC NORTH AMERICA, INC.

14.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 13 above as if the same were restated herein verbatim.

15.

At all relevant times, Defendant White was employed by Defendant Mastec and was acting within the scope of his employment at the time of the accident.

16.

Defendant Mastec is liable for the acts and omissions of Defendant White as Defendant Mastec's agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

17.

Defendant Mastec negligently hired, retained, and supervised Defendant White.

18.

Defendant Mastec negligently entrusted the 2011 Dodge Ram 2500 to Defendant White when they knew or should have known that the driver was incompetent or unfit to perform the duties given to the driver by the company.

19.

As a direct and proximate result of the negligence and breach of duty of Defendant White, Plaintiff suffered substantial injuries and damages including medical and other necessary

expenses, mental and physical pain and suffering due to the injuries to his body and nervous system, personal inconvenience, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred past medical expenses in excess of **$19,555.11**.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendants as provided by law;

(c) That Plaintiff have and recover general damages from such Defendants, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of his injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

(e) That this matter be tried to a jury;

(f) That all costs be cast against the Defendants;

(g) For such other and further relief as this Court deems just and appropriate.

(h) That this matter be tried to a jury;

(i) For such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 16th day of December, 2021.

By:   s/Robert A. DeMetz, Jr.
      Robert A. DeMetz, Jr.
      Attorney for Plaintiff
      Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone: (706) 324-1227
Fax: (706) 324-1228
rdemetz@forthepeople.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08938-S6**
**12/16/2021 4:47 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CHARLES WILLIAM HEAD;     *
     Plaintiff,     *
      *    Civil Action
Vs.     *     21-C-08938-S6
    *    File No.: _____
JAMES RAYMOND WHITE,     *
MASTEC NORTH AMERICA, INC.,     *    JURY TRIAL DEMANDED
     Defendants.     *

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT JAMES RAYMOND WHITE

**TO:**    **Defendant James Raymond White**

Plaintiff submits herewith to the above-named Defendant, pursuant to O.C.G.A. § 9-11-36 for response within forty-five (45) days after service hereof, the following request for admissions, for purposes of the pending action only, subject to all objections that may be interposed at the trial of the case:

1.

Please admit that this action brought against the Defendant properly and correctly names the party to be sued in this case.

2.

Please admit that jurisdiction for the Complaint filed by Plaintiff is properly brought before this Court in Gwinnett County, Georgia.

3.

Please admit that the service of process against the Defendant was proper.

4.

Please admit that the 2011 Dodge Ram 2500 operated by Defendant was either owned by Defendant or was being operated by Defendant with the knowledge, permission and consent of its owner.

5.

Please admit that Defendant was negligent in the operation of a motor vehicle which resulted in the subject collision with the Plaintiff's vehicle.

6.

Please admit that Defendant received a citation issued by the investigating law enforcement agency arising out of the subject collision.

7.

Please admit that Defendant pled guilty to said citation in connection with the subject collision.

8.

Please admit that Defendant was found guilty of said citation in connection with the subject collision.

9.

Please admit that the Plaintiff was injured in the subject collision.

10.

Please admit that the Plaintiff's actions did not cause or contribute to the subject collision.

11.

Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject collision.

12.

Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject collision.

This Request for Admissions is served upon you together with Plaintiff's Complaint.

Respectfully submitted this 16th day of December, 2021.

By:    s/Robert A. DeMetz, Jr.
       Robert A. DeMetz, Jr.
       Attorney for Plaintiff
       Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone: (706) 324-1227
Fax: (706) 324-1228
RDeMetz@forthepeople.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08938-S6**
**12/16/2021 4:47 PM**
**TIANA P. GARNER, CLERK**

ᐟIN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHARLES WILLIAM HEAD, | * | |
| Plaintiff, | * | |
| | * | Civil Action |
| Vs. | * | 21-C-08938-S6 |
| | * | File No.: _____ |
| JAMES RAYMOND WHITE, | * | |
| MASTEC NORTH AMERICA, INC., | * | JURY TRIAL DEMANDED |
| Defendants. | * | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JAMES RAYMOND WHITE

**To:    Defendant James Raymond White**

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submit herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan Atlanta, PLLC, 408 12th Street – Suite 200, Columbus, Georgia 31901 within forty-five (45) days following receipt of this request unless the 45th day falls on a

holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.    DEFINITIONS

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

     (c)     document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

     Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.    INTERROGATORIES

### 1.

     Please state your full name, current address, current employer, date of birth, social security number, and driver's license number.

### 2.

     State the name and address of any person, including any party, who to your knowledge information or belief:

(a)     was an eyewitness to the incident underlying this litigation;

(b)     has some knowledge of any fact or circumstance upon which your defense is based; or

(c)     has conducted any investigation relating to the incident underlying this litigation or the background, employment, medical history or activities of the Plaintiff.

### 3.

     Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 2.

### 4.

     Has any entity issued a policy of liability insurance to you or which is or arguably should be extending insurance coverage to you?  If so, please state for each policy:

(a)     the name of the insurer providing liability insurance;

(b)     the limits of coverage;

(c)     the name of the insured on the policy; and

(d)     the policy number.

5.

Has any insurer referred to in your answer to Interrogatory No. 4 denied coverage or reserved its rights to later deny coverage under any such policy of liability insurance?  If so, please explain.

6.

State each and every fact supporting your contention that the Plaintiff's actions contributed to the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

7.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please:

(a)     state the subject matter on which s/he is expected to testify;

(b)     state in detail the opinions held by each such expert or technician; and

(c)     give a complete summary of the grounds for each opinion held.

8.

Were you on the business of any individual or entity at the time of the subject incident? If so, please identify any such individual or entity, including name, address and telephone number.

9.

If you have ever been arrested or convicted of any crime (other than minor traffic offenses), even if that arrest or conviction has been removed from your record, please identify each crime or alleged violation, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge. (See Lewis v. The State, 243 Ga. 443; Hightower v. G.M., 175 Ga. App. 112)

10.

Please state each and every prior collision or prior insurance claim which you are aware the Plaintiff has been involved in, or the Plaintiff has made, and state whether your agents have procured an ISO claims index report.

11.

State each and every fact supporting your contention that the Plaintiff's alleged injuries pre-existed the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

12.

State each and every fact supporting your contention that the Plaintiff has uttered inconsistent statements with regard to material facts at issue in this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

13.

If you contend that the Plaintiff has been convicted of or pled guilty to a crime of moral turpitude and/or felony, please identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

14.

What do you contend caused the incident underlying this litigation?

15.

State each and every fact supporting your contention that you are not the sole proximate cause of the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

16.

What was/were the disposition(s) of the traffic citation(s) issued to you in relation to the incident underlying this litigation?

17.

Do you contend that the named Defendant has been improperly named as a party to this action and/or that an improper or incorrect agent for service was utilized to effectuate service upon the Defendant?  If your answer to either of these inquiries is "yes", please provide a detailed explanation as to why you contend that the named Defendant has been improperly

named or the agent used for service was improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

18.

Do you contend that venue is improper in this court as to the named Defendant, jurisdiction is lacking over the named Defendant in this Court, or that service of process has been deficient on the named Defendant in this matter? If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

19.

With regard to the vehicle being operated at the time of the subject incident, please identify:

(a)     the owner of the vehicle;

(b)     the frequency with which you drove the vehicle;

(c)     who paid for the gas and maintenance on the vehicle; and

(d)     if you did not own the vehicle, state whether or not you had the permission of the owner to be driving the vehicle at the time of the subject incident.

20.

Do you have a driver's license? If so, please state when you first acquired any driver's license, what type it is, and what are/were the restrictions on it.

21.

At any other time, either before or after the subject incident, have you ever been arrested for driving under the influence or for any other drug or alcohol related charge?

22.

What is your citizenship and identify any documents supporting your contention.

23.

For each request to admit that you denied, please identify:

(a)     each eyewitness that will testify to those facts supporting your denial; and

(b)     each and every document or tangible piece of evidence that will evidence facts supporting your denial.

24.

Please state whether you had a cell phone at the time of this incident and, if so please provide the cell phone provider, telephone number and the name under which the phone was listed.

### III.    REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your response to Interrogatory No. 7.

3.

Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting the Plaintiff.

4.

A copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5.

Any and all documents obtained through a request for production of documents or subpoena.

6.

Any and all documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the incident.

7.

Any and all documents which would in any way challenge, diminish or refute the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8.

Any and all insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

9.

Any and all taped or written statements taken from the Plaintiff, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendant or Defendant's insurer.

10.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

11.

A copy of the title and tag registration on the vehicle you were driving at the time of the subject incident.

12.

Any and all documents reflecting the disposition of any charges made against you in the subject incident, including the citations identified in your answer to Interrogatory No. 16.

13.

A copy of your current driver's license and all driver's licenses you have held in the past five (5) years.

14.

Any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

15.

Any and all documents related to the medical treatment of the Plaintiff received prior to the subject incident.

16.

Any and all documents which you contend in any way impeach or discredit the Plaintiff.

17.

For any document which has not been produced on grounds of privilege, please state the following:

(a)     the date each document was generated;

(b)    the person generating each document;

(c)    the present custodian of each document; and

(d)    a description of each document.


These Interrogatories and Request for Production of Documents are served upon you together with Plaintiff's Complaint.


Respectfully submitted this 16<u>th</u> day of <u>December</u>, 2021.

By:    <u>s/Robert A. DeMetz, Jr.</u>
Robert A. DeMetz, Jr.
Attorney for Plaintiff
Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228
<u>RDeMetz@forthepeople.com</u>

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08938-S6**
**12/16/2021 4:47 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CHARLES WILLIAM HEAD,          *
    Plaintiff,          *
              *          Civil Action
Vs.          *
              *          21-C-08938-S6
              *          File No.: _____
JAMES RAYMOND WHITE,          *
MASTEC NORTH AMERICA, INC.,          *          JURY TRIAL DEMANDED
    Defendants.          *

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MASTEC NORTH AMERICA, INC.

COMES NOW Plaintiff and hereby requests that Defendant Mastec North America, Inc. (hereinafter Mastec) admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privilege claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

### REQUESTS FOR ADMISSIONS

1.

Please admit that this Defendant was personally served with a copy of the Summons and Complaint in the above-styled action.

2.

Please admit that this Defendant has been properly served with process in this action.

3.

Please admit that this Defendant raises no defense as to insufficiency of process or insufficiency of service of process in this action.

4.

Please admit that venue as to this Defendant is proper in Gwinnett County, Georgia.

5.

Please admit that this Court has jurisdiction over this Defendant for the purpose of this lawsuit.

6.

Please admit that on November 19, 2020, Mastec was a motor carrier.

7.

Please admit that Mastec was the owner/operator of the 2011 Dodge Ram 2500, involved in the November 19, 2020 collision-in-suit.

8.

Please admit that Defendant James Raymond White was an employee of Mastec at the time of the November 19, 2020 collision-in-suit.

9.

Please admit that at the time of the collision-in-suit, Defendant White was operating the 2011 Dodge Ram 2500, in the course and scope of his employment with Defendant Mastec.

10.

Please admit that at the time of the collision-in-suit, Defendant White was operating the 2011 Dodge Ram 2500, in the course and scope of his agency relationship with Defendant Mastec.

11.

Please admit that at the time of the collision-in-suit, Defendant White was driving the subject 2011 Dodge Ram 2500, within the course and scope of his contractual relationship with Defendant Mastec.

12.

Please admit that Defendant Mastec is liable under the doctrine of *Respondeat Superior* for negligent acts or omissions of Defendant White, if any, at the time of the subject collision.

13.

Please admit that Defendant Mastec was the owner or operator of the 2011 Dodge Ram 2500, at the time of the November 19, 2020 collision-in-suit.

14.

Please admit that at the time of the collision-in-suit, Defendant White was traveling on Highway 111 South.

15.

Please admit that at the time of the collision-in-suit, the vehicle driven by Plaintiff was traveling on Highway 111 South.

16.

Please admit that as a direct result of Defendant White's following too closely he struck Plaintiff's vehicle in the rear-end.

Respectfully submitted this 16<u>th</u> day of <u>December</u>, 2021.

<div align="right">

By:     <u>s/Robert A. DeMetz, Jr.</u>
        Robert A. DeMetz, Jr.
        Attorney for Plaintiff
        Georgia Bar No. 215070

</div>

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone: (706) 324-1227
Fax: (706) 324-1228
RDeMetz@forthepeople.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08938-S6**
**12/16/2021 4:47 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHARLES WILLIAM HEAD, | * | |
| Plaintiff, | * | |
| | * | Civil Action |
| Vs. | * |     21-C-08938-S6 |
| | * | File No.: _____ |
| JAMES RAYMOND WHITE, | * | |
| MASTEC NORTH AMERICA, INC., | * | JURY TRIAL DEMANDED |
| Defendants. | * | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT MASTEC NORTH AMERICA, INC.

COMES NOW Plaintiff in the above-styled action and serve these Interrogatories upon the Defendant, Mastec North America, Inc. ("Mastec") as an opposite party and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9 11-26 and 9-11-33. These interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or that there be any other witness(es) or evidence. Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.     "Person" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.     "Occurrence" refers to the collision forming the basis of the Complaint.

4.     (a)     "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)     "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

INTERROGATORIES

1.

Please describe the relationship between Mastec and James Raymond White.

2.

For each and every request for admission that you did not admit in its entirety, please provide in detail the factual basis supporting your failure to admit the request.

3.

Please identify by Manufacturer, make, model, year and Vehicle Identification Number (VIN) all vehicles operated by this Defendant on November 19, 2020.

4.

Please identify by Manufacturer, make, model, year and Vehicle Identification Number (VIN) all vehicles currently operated by this Defendant.

5.

State the names and addresses of the following officers and employees of this Defendant: President; Treasurer; Safety Director; Personnel Director; and all persons who have investigated the subject collision or discussed the subject collision with Mastec and/or Layne Arlen  White, driver of the vehicle involved in this collision.

6.

Please state whether Defendant is a common carrier, contract carrier or a private carrier, the date of incorporation of Defendant, state of incorporation, list the addresses of the principal places of business of this Defendant, and whether this Defendant is a subsidiary or parent of another company, if so, please state the full name and address of the other company.

7.

State whether there are one or more policies of insurance extending coverage to you or whether you are a party to or beneficiary of any agreement or contract, by which any person is or may be obligated to satisfy all or part of any judgment which may be entered in this action, or to indemnify or reimburse any person for any cost, expense or payment made in connection with this action.  If so, for each such policy of insurance, agreement or contract (specifying which), state the name and current address of each person who is a party or beneficiary (specifying which), the effective dates or date of execution, the substance and content, the applicable limits

of liability coverage, and the name and current address of the person(s) having possession thereof.

8.

With regard to each policy of insurance identified in answer to Interrogatory No. 3, state whether the insurer has undertaken to defend you in this action, whether the insurer has acknowledged or extended coverage with respect to the collision-in-suit, and whether the insurer has undertaken to defend you in this action under a reservation of rights or non-waiver agreement.

9.

Who was the owner of the 2011 Dodge Ram 2500 at the time of this wreck?  Please give the full name and address of the owner.

10.

If you were not the owner of the 2011 Dodge Ram 2500, involved in this wreck, please state whether these vehicles were being operated by Defendant under a lease at the time of the wreck and state whether the lease was a permanent or trip lease.

11.

State whether this Defendant admits that the driver of its 2011 Dodge Ram 2500, James Raymond White, negligently caused the subject occurrence.  If your answer is in the negative, please explain the basis for contesting liability.

12.

Please identify every person who has any information about how or why the collision complained of in this case occurred, about who was at fault or in any way responsible for causing this wreck, and about any other information pertaining to the issue of liability or damages in this case.  Please include a brief description of the nature of such person's knowledge.  (For example: eyewitness, investigating police officer, medical personnel, etc.)

13.

Please state whether any of the above witnesses gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of her or her knowledge of any information relevant in this lawsuit.  If so, identify any witness(es) giving such statement(s) and provide an explanation of the type statement(s) given (oral, written, recorded, etc.).  Also, identify the taker and present custodian of such statement(s).

14.

Please describe the method by which you compensate your drivers (i.e., by the hour, by the miles traveled, by the load, commissions, salary, etc.) and any variations for the Defendant driver's pay at the time of the wreck.

15.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information relative to the Plaintiff and Plaintiff's decedent's health condition prior to or subsequent to the collision in this case, information relative to her physical and mental suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

16.

Please explain the nature of the employment relationship between the driver of the 2011 Dodge Ram 2500, involved in this collision and this Defendant, including the date the employment relationship began, whether the relationship has been terminated, the date of such termination, the reason for such termination, and the identity of the person who terminated the driver.

17.

With respect to the driver of the 2011 Dodge Ram 2500 involved in this occurrence, please state the following:  his Date of Birth; Social Security number; Driver's license number and state of issuance; his present home address; all of said driver's previous residence addresses for the past five years, including the street address, city, state, and zip code; his mode of compensation.

18.

Please state whether Defendant maintains driver qualifications and describe each one.

19.

At any time prior to this wreck, did James Raymond White ever fail to meet any one of these driver qualifications?  If so, please state which one(s) and on what date he failed to meet the qualification(s).

20.

Please identify the following individuals as of the date of the occurrence and at present:

(a)     Person(s) responsible for the inspection, maintenance, and repair of this
        Defendant's 2011 Dodge Ram 2500;

(b)     Safety Director;

(c)     Person(s) responsible for training employees/drivers, including Defendant
        James Raymond White;

(d)     Person(s) responsible for interviewing and/or hiring employees/drivers, and
        specifically driver James Raymond White; and

(e)     Person(s) responsible for supervising drivers, including James Raymond White.

21.

Please state whether this Defendant, its agents, its attorneys, or its insurers, on its own or
through any other person, obtained or obtains information, from any private source or
governmental agency, about the driving history, driving violations, criminal violations, motor
vehicle record, or other driving qualifications of the persons this Defendant hires or allows to
drive vans. If so, please state, by job title, to which employees this inquiry applies, from whom
this information is obtained (including, but not limited to any governmental agency or entity),
and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also,
please state the same as to each person through which such information was requested or
obtained concerning the driver involved in the subject occurrence and the dates upon which such
information was obtained concerning the driver operating the van involved in the subject
occurrence.

22.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or
experts who have investigated this collision, examined any of the vehicles involved, or who have
in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys,
or its insurers.

23.

Please give a detailed history of any inspections, maintenance, and repairs of the 2011
Dodge Ram 2500, which was involved in the subject collision, both prior to and subsequent to
the subject collision, including but not limited to the dates of any inspection(s), maintenance
work, and/or repairs, the names of persons who performed any inspection, maintenance, or
repairs, and a description of the inspection or work performed.

24.

Please identify any person that this Defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert: identify the subject matter of which the person is expected to testify; identify the substance of the facts and opinions as to which the person is expected to testify; summarize the grounds for such opinions; and identify all documents and professional references upon which such person may base her or her testimony and opinions.

25.

As to this Defendant's 2011 Dodge Ram 2500, involved in the occurrence, please state the following information: Manufacturer, make, model, year, and Vehicle Identification Number (if incorrect); person or entity to whom the 2011 Dodge Ram 2500 was titled as of the date of the occurrence and at present; present location of the 2011 Dodge Ram 2500; gross vehicle rating of the 2011 Dodge Ram 2500; and wheel base measurements.

26.

Please state whether any inspection of the subject 2011 Dodge Ram 2500, was conducted after the collision that is the subject of this lawsuit, the results of such inspection, and the name(s) of the person(s) performing such inspection. Also identify any documents, reports, photographs, videotapes, or other records which were made concerning any inspection of the 2011 Dodge Ram 2500.

27.

Please state whether at the time and place of the subject occurrence, James Raymond White was an employee/servant of this Defendant acting within the course and scope of his employment for this Defendant. If your answer to this interrogatory is in any way in the negative, please also state the facts which support such response.

28.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person did or failed to do which in any way contributed to causing the subject occurrence and/or any of Plaintiff's injuries. Please supply any statutory

authority in support of these contentions, and identify any evidence that supports these contentions.

29.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence. As to each item, please state the following: the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

30.

Please state whether or not an accident/incident report was made by this Defendant or any of your representatives in connection with the subject occurrence, and if so, the place where such report is located.

31.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by James Raymond White, his destination, and from where he left, the time and date se left and the time and date he reached his destination. Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's injuries.

32.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Requests for Production of Documents.

33.

Identify each document which supports or otherwise relates to your responses to any of these Interrogatories or to any of your contentions asserted in your answer to Plaintiff's Complaint, stating as to each such document the contention which it supports or to which it otherwise relates.

34.

Please detail the factual and legal basis for each defense pled in this Defendant's answer.

35.

Please identify and describe each document filed by or on behalf of Mastec with a state or government agency, or received from a state or federal agency, including, but not limited to, certificates of insurance, MC90, insurance cancellation notifications, certificate of authority, and licenses or permits.

Respectfully submitted this 16th day of December, 2021.

By:   s/Robert A. DeMetz, Jr.
      Robert A. DeMetz, Jr.
      Attorney for Plaintiff
      Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228
RDeMetz@forthepeople.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08938-S6**
**12/16/2021 4:47 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHARLES WILLIAM HEAD, | * | |
| Plaintiff, | * | |
| | * | Civil Action |
| Vs. | * | 21-C-08938-S6 |
| | * | File No.: _____ |
| JAMES RAYMOND WHITE, | * | |
| MASTEC NORTH AMERICA, INC., | * | JURY TRIAL DEMANDED |
| Defendants. | * | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MASTEC NORTH AMERICA, INC.

COMES NOW Plaintiff in the above-styled action and hereby requests that Defendant Mastec North America, Inc. ("Mastec") produce the following documents pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at the Law Firm of MORGAN & MORGAN ATLANTA, PLLC, 408 12th Street – Suite 200, Columbus, Georgia 31901, or at such other time, date, and location agreed to by counsel for Defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains

any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

    2.     "Person" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

    3.     "Occurrence" refers to the collision made the basis of the Complaint.

    4.     (a)     "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

           (b)     "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## REQUESTS FOR PRODUCTION

### 1.

Please produce all documents in your possession, custody or control which you provided to, or received from the Federal Motor Carrier Safety Administration.

### 2.

Please produce all documents in your possession, custody or control which you provided to, or received from the Georgia Public Safety Commission.

### 3.

Please produce any citations, reports, correspondence, records or other documents from any city, county or state agency regarding your drivers, or your operation as a Motor Carrier.

### 4.

Please produce a copy of the corporate bylaws and articles of incorporation.

5.

Please produce any documents in your custody, possession or control regarding the business relationship of James Raymond White and Mastec.

6.

Please produce copies of all witness statements obtained from any person about any information relevant to any issue in this lawsuit or the subject collision, including, but not limited to, the issues of liability or damages.

7.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision and/or concerning any of the issues relevant in this lawsuit, to include, but not be limited to, the issues of liability and damages.

8.

Please produce a copy of any incident reports prepared by any agent, employee, or officer on behalf of this Defendant concerning the subject collision.

9.

Please produce a complete copy of all policies of insurance (to include the Declarations pages) which do or may afford liability insurance coverage to this Defendant with respect to Plaintiff's claims against this Defendant. This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

10.

Please produce copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit. Also, please produce all materials relied upon by each expert in formulating his or her opinions and conclusions.

11.

Please produce a copy of the employment file for Defendant James Raymond White, including but not limited to any contract between Defendant driver and Mastec.

12.

Please produce a copy of the paycheck, paycheck stub, timecard, and any documentation of time worked by the Defendant driver for the time period during which this collision occurred. This request includes copies of any materials which reflect any expenses (such as mileage, gas, etc.) which are reimbursed.

13.

Please produce a copy of the insurance card, cab registration card, and any other documentation provided by Defendant driver to the investigating officer or any other person at the time of the wreck or any time thereafter.

14.

Please produce a copy of the logs for trips made by the Defendant driver for the fourteen days prior to the subject collision, the date of said collision, and the seven days subsequent to said collision.

15.

Please produce a copy of any and all instructions manuals, employee rules, regulations, or any driver/employee handbook provided to Defendant driver or any handbook in force and effect for drivers of this Defendant at the time of the subject collision.

16.

Please produce a copy of all company hiring policies and procedures at the time Defendant James Raymond White was hired.

17.

Please produce a copy of all company manuals covering van safety, maintenance, fleet safety programs, and driver's standards from the time Defendant James Raymond White was hired through the time of this wreck.

18.

Please produce a copy of the accident review procedures or rules adopted by the company to determine whether any accident is chargeable or non-chargeable, preventable or non-preventable, which were in effect at the time of the subject collision.

19.

Please produce a complete copy of the driver qualification file and your personnel file maintained concerning the Defendant driver, James Raymond White, involved in the subject collision.

20.

Please produce any report or statement, whether oral or in words by James Raymond White concerning the collision and given to this Defendant, the police, any insurer, or any other person concerning the collision set forth in the Complaint.

21.

Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to the 2011 Dodge Ram 2500, in the subject collision and who repaired the van after the subject collision.

22.

Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

23.

Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other name, that concerns Plaintiff and/or Plaintiff's decedent's physical or medical condition, injuries, or damages that have not been supplied to you by Plaintiff's counsel.

24.

Please produce copies of any and all documents obtained or generated as a result of James Raymond White driving for this Defendant or its agents, officers, and employees or generated for consideration of James Raymond White as a driver for this Defendant.

25.

Please produce any and all documents that in any way pertain to James Raymond White's qualifications (or lack thereof) to drive professionally for this Defendant to include prior references, previous collisions or motor vehicle collisions, reprimands, criticisms, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

26.

Please produce copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record, and driving infractions of James Raymond White.

27.

Please produce copies of any and all citations received by the Defendant driver from any law enforcement officer to include citations relevant to any violation of any law, ordinance, or rule of road of any state as a result of this collision.

28.

Please produce copies of any and all information sent to or received from or through any of your insurers concerning the collision giving rise to this litigation including, but not limited to, documents in the possession of your liability insurance carrier with respect to the issue of liability in this case.

29.

Please produce a copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiff's Complaint.

30.

Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon the driver of this Defendant's 2011 Dodge Ram 2500, involved in the subject collision by any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

31.

Please produce a copy of all rental contracts and/or lease contracts between you and the owner of the subject 2011 Dodge Ram 2500.

32.

Please produce copies of all out of service orders and/or repair invoices during the period the subject 2011 Dodge Ram 2500was operated on your behalf.

(Signature on following page.)

Respectfully submitted this 16<u>th</u> day of <u>December,</u> 2021.

<div style="margin-left:40%">

By:    <u>s/Robert A. DeMetz, Jr.</u>
Robert A. DeMetz, Jr.
Attorney for Plaintiff
Georgia Bar No. 215070

</div>

Morgan & Morgan Atlanta, PLLC
408 12<u>th</u> Street – Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228
<u>RDeMetz@forthepeople.com</u>

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08938-S6**
**12/16/2021 4:47 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CHARLES WILLIAM HEAD,    )
       Plaintiff,          )    CIVIL ACTION
                             )            21-C-08938-S6
vs.                           )    FILE NO.: _____
                             )
JAMES RAYMOND WHITE and   )    JURY TRIAL DEMANDED
MASTEC NORTH AMERICA, INC.,  )
       Defendants.         )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY

TO:    Allstate Property & Casualty Insurance Company
       (as Uninsured/Underinsured Motorist Carrier)

    **COMES NOW** Plaintiff and submits herewith to the Allstate Property & Casualty Insurance Company (hereinafter referred to as "ALLSTATE"), pursuant to O.C.G.A. § 9-11-36 for response within forty-five (45) days after service hereof, the following request for admissions, for purposes of the pending action only, subject to all objections that may be interposed at the trial of the case:

1.

    Please admit that this action is brought against and correctly names the Defendant to be sued in this cause.

2.

    Please admit that jurisdiction is proper in this Court.

3.

    Please admit that venue is proper in this Court.

4.

    Please admit that the service of process against Allstate Property & Casualty Insurance Company was proper.

5.

    Please admit that you have been properly served as the uninsured/under-insured motorist carrier.

6.

Please admit that Allstate Property & Casualty Insurance Company is correctly named as the uninsured/under-insured motorist carrier in this lawsuit.

7.

Please admit that Defendant was negligent in the operation of a motor vehicle which resulted in the subject collision with Plaintiff's vehicle.

8.

Please admit that Defendant is at fault for the subject collision.

9.

Please admit that Defendant received a citation(s) issued by the investigating law enforcement agency arising out of the collision.

10.

Admit that Defendant pled guilty to or knowingly forfeited the bond for said citation(s) in connection with the collision.

11.

Please admit that Plaintiff was injured in the collision that is the basis of this lawsuit.

12.

Please admit that the Plaintiff's actions did not cause or contribute to the collision that is the basis of this lawsuit.

13.

Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the collision that is the basis of this lawsuit.

14.

Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the collision that is the basis of this lawsuit.

15.

Please admit that Allstate Property & Casualty Insurance Company provided uninsured/under-insured motorist coverage to Plaintiff at the time of subject collision.

16.

Please admit that the Plaintiff's coverage with Allstate Property & Casualty Insurance Company is applicable to the collision that is the basis of this lawsuit.

This Request for Admissions is served upon you together with Plaintiff's Complaint.

Respectfully submitted this 16th day of December, 2021.

By:     s/Robert A. DeMetz, Jr.
        Robert A. DeMetz, Jr.
        Attorney for Plaintiff
        Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone: (706) 324-1227
Fax: (706) 324-1228
RDeMetz@forthepeople.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08938-S6**
**12/16/2021 4:47 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHARLES WILLIAM HEAD, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO.: 21-C-08938-S6 |
| | ) | |
| JAMES RAYMOND WHITE and | ) | JURY TRIAL DEMANDED |
| MASTEC NORTH AMERICA, INC., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY

TO:   Allstate Property & Casualty Insurance Company
(as Uninsured/Underinsured Motorist Carrier)

**COMES NOW** Plaintiff(s), pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, and submits herewith to the above-named uninsured/underinsured motorist carrier (hereinafter referred to as "you" or "your" or "ALLSTATE") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff(s) within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan Atlanta, PLLC, 408 12th Street – Suite 200, Columbus, Georgia

31901 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.   DEFINITIONS

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)    an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)    a <u>firm, partnership, corporation, proprietorship, association or other organization</u> <u>or entity,</u> shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)    <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant(s), state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.    <u>INTERROGATORIES</u>

1.

Identify yourself and each and every person answering, or providing information for the answering, of these interrogatories.   If more than one person has answered or provided information, please indicate who has answered which questions and provided what information.

2.

Identify each policy of insurance issued by you providing coverage to Plaintiff(s) for the collision that is the basis of this lawsuit.

3.

State the type and extent (policy limits) of coverage provided to the Plaintiff(s) in this lawsuit by each policy of insurance identified by you in answer to the preceding interrogatory.

4.

Identify all persons having knowledge of facts relevant to the subject matter of this lawsuit. For each such person, briefly describe the subject matter of his or her knowledge.

5.

Identify any potential party to this lawsuit, not already a party hereto, and state in detail your contention or opinion why any such party is identified by you as a potential party in this lawsuit.

6.

State whether or not you have a copy of any statement which the Plaintiff(s) has/have previously made concerning the action or its subject matter and which is in your possession, custody or control.

*For the purposes of the above Interrogatory, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded, or recorded within a reasonable time thereafter.*

7.

State in detail your contention as to how the collision occurred and state specifically and in detail what your claim, opinion or contention will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which your claim, opinion or contention is based.

8.

If you contend or allege that Plaintiff(s) is/are not entitled to uninsured and/or underinsured motorist coverage under any policy of insurance issued by you to Plaintiff(s) for the claims in this lawsuit, specifically set forth the basis of your contention, and identify each document and witness relied upon by you to support that contention or allegation.

9.

If you contend that you are entitled to offset in this lawsuit for any money paid by you to Plaintiff(s) under the provisions of any policy of insurance providing coverage to Plaintiff(s), please set forth:

(a)     Each and every specific provision of that policy on which you rely; and

(b)     Each and every specific provision of law, on which you rely.

10.

Do you dispute that the Defendant(s) was/were an underinsured motorist at the time of the collision made the basis of this lawsuit?  If so, please set forth in detail the basis for your dispute, and identify each document and witness relied upon by you to support that contention or allegation.

11.

Describe in detail any relevant conversations you (or any of your representatives) have had with:

(a)    Plaintiff(s) (or any of Plaintiff'(s) representatives);

(b)    Any law enforcement official, following the collision but prior to the filing of this lawsuit, and

(c)    Any other person, following the collision but prior to the filing of this lawsuit.

12.

Describe any information you have, or any reason you have, to believe that Plaintiff'(s) medical treatment, claimed to have been incurred as a result of the collision, was not reasonable and necessary, and identify the source(s) of your information supporting that indication or belief.

13.

Describe any information you have, or any reason you have, to believe that the Plaintiff'(s) medical expenses, claimed to have been incurred as a result of the collision, were not reasonable or customary, and identify the source(s) of your information supporting that indication or belief.

14.

Does Allstate Property & Casualty Insurance Company allege that the claims of Plaintiff(s) in this lawsuit are "minor impact" or "low damage" or "minor impact-soft tissue" claims? If so, please state in detail the reasons for that consideration, and identify the source(s) of your information supporting your allegation. If not, please state in detail the reasons for that consideration, and identify the source(s) of your information supporting your allegation.

15.

Please list all persons that Allstate Property & Casualty Insurance Company plans to call as an expert in this case (either at trial or any other hearing). For each person listed, please state the following:

(a)    Each person's name, residence address, office address, office telephone number, and area of expertise of specialty;

(b)    The subject matter upon which said persons are expected to testify; and

(c)    The substance of the facts and opinions to which such experts are expected to testify.

16.

Describe in detail any settlement, agreement, deal, or other understanding of any kind whatsoever, tentative or reached with any other person, firm, corporation, partnership, insurer, or legal entity whatsoever in respect to this lawsuit (oral, written, or otherwise). This interrogatory seeks but is not limited to information concerning agreements or understandings of any kind

whatsoever, including past, present, or future settlements, deals, agreements, understandings, and conduct by or between you and any other person or legal entity whatsoever.

17.

Please set forth in detail every contention and opinion you allege supports any affirmative defense raised in your Answer to Plaintiff'(s) Complaint.

### III.   DOCUMENTS TO BE PRODUCED

18.

Any and all documents, inclusive of written or recorded statements or writings or memoranda made or prepared (whether manually, mechanically or electronically) by you (or your representative) in support of any allegation that you are not liable to Plaintiff(s) for any collision made the basis of this lawsuit.

19.

Any and all documents and things, including pictures, videotapes, audio tapes, diagrams, graphs, surveys, measurements, or other written or pictorial descriptions in support of any allegation that Plaintiff(s) should not recover those damages claimed in this lawsuit.

20.

Any and all tape recordings or electrical or mechanical recordings or transcriptions of any type or nature evidencing communications and statements by or between any Plaintiff(s), his/her/their agents, representatives, servants or employees, and Allstate Property & Casualty Insurance Company , its agents, representatives, servants and employees, relating to the allegations of Plaintiff(s) in this lawsuit.

21.

Any document that reflects, refers to, evidences, relates or describes any claim upon which Allstate Property & Casualty Insurance Company may rely against Plaintiff(s).

22.

Any and all documents identified by you in response to interrogatories submitted to you by Plaintiff(s).

23.

Any documents consisting of, evidencing, referring or relating to any communications, written or oral, by or between Allstate Property & Casualty Insurance Company's agents,

representatives, servants or employees, and Plaintiff(s) from the date of the collision made the basis of this lawsuit to the present time.

24.

Any documents consisting of, evidencing, referring or relating to any communications or reports, written or oral, in person or by telephone, by or between ALLSTATE Mutual Autoobile Insurance Company' s agents, representatives, servants or employees, and Allstate Property & Casualty Insurance Company's testifying experts.

25.

Any documents consisting of, evidencing, referring or relating to any communications or reports, written or oral, in person or by telephone, by or between Defendant'(s) agents, representatives, servants or employees, and Defendant'(s) consulting experts, whose opinion or report may be relied upon by any of Allstate Property & Casualty Insurance Company's testifying experts.

26.

Copies of checks paid by Allstate Property & Casualty Insurance Company for any reason to any person in payment of claims asserted as a result of the collision made the basis of this lawsuit.

27.

A complete copy of every insurance policy, including all attachments, riders and addenda, issued by Allstate Property & Casualty Insurance Company to or for the benefit of Plaintiff(s) at any time heretofore, including but not limited to any policy described in answer to Plaintiff'(s) interrogatory no. 2., propounded to you.

28.

A copy of the policy of auto insurance providing uninsured/underinsured motorist coverage to Plaintiff(s) for any collision made the basis of this lawsuit.

29.

All documents evidencing your company policy of taking an offset of benefits paid against uninsured/underinsured motorist claims made by an injured passenger in a vehicle insured by you in Georgia.

30.

A copy of any damage appraisal and/or repair invoice regarding Plaintiff'(s) vehicle, made subsequent to the collision, which is the subject of this litigation.

31.

Copies of any and all statements previously made by Plaintiff(s) concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff(s) hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Plaintiff(s) hereto and contemporaneously recorded.

32.

Any and all drawings, maps or sketches of the location of the collision which is the subject of this litigation.

33.

Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the collision which is the subject of this litigation, or any damages resulting therefrom.

34.

A copy of any movies, photos, videotapes, or pictures made of any relevant matter in this lawsuit.

35.

A copy of any tape-recorded conversations wherein Plaintiff(s) is/are a participant in any such conversation.

36.

Any and all experts' reports, which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause as an expert. If any such expert has not prepared a report, request is hereby made that one be prepared and furnished to Plaintiff'(s) attorney.

37.

Any and all expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

38.

Any and all work papers, notes and documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

39.

A curriculum vita or resume for each individual whom you may call as an expert witness at the trial of this case.

40.

All documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those which would include his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

41.

With regard to any expert employed by you in this case, produce copies of the front and back of canceled checks evidencing payments made by you at any time for work performed by any such expert (whether testifying or consulting).

42.

All investigative and/or incident "reports" generated by or on your behalf prior to your being aware of an outward manifestation from the Plaintiff(s) of intent to bring the instant lawsuit relevant to the following:

(a)     The subject matter of the instant lawsuit;
(b)     The collision;
(c)     Your personnel (agents, representatives, officers and employees) that were on the premises in question at the time of the incident;
(d)     Potential witnesses and persons having knowledge of facts relevant to or regarding the collision and/or the circumstances that existed immediately prior to, during and/or after the collision.

43.

Any and all photographs, videotapes or other drawings, depiction's, or sketches that you have of the location of the collision or any other matter relating to this case.

44.

Copies of any witness fact statements (including statements made by Plaintiff(s) or by the investigating officer) that are relevant to the collision.

45.

A copy of any movies, videotapes, survey or plat or other reproduction of the location of the collision which is the subject of this litigation.

46.

Any and all photographs, videotapes or other drawings, depiction's, or sketches that you have of the vehicles involved in the collision.

47.

All documents and other tangible things, which constitute and contain matters relevant to the subject matter of this lawsuit, prepared by or relied upon by your testifying expert or by any lay person intended by you to testify in this case at time of trial. (Your response to this Request for Production will of necessity contain all documents or tangible things, which you intend to introduce as evidence at time of trial. We will object to the offering of any documents or tangible things at the time of trial that are not produced in your response to this Request for Production).

These Interrogatories and Request for Production of Documents are served upon you together with Plaintiff's Complaint.

Respectfully submitted this 16<u>th</u> day of <u>December</u>, 2021.

By:     <u>s/Robert A. DeMetz, Jr.</u>
        Robert A. DeMetz, Jr.
        Attorney for Plaintiff
        Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone: (706) 324-1227
Fax: (706) 324-1228
RDeMetz@forthepeople.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08938-S6**
**12/16/2021 4:47 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHARLES WILLIAM HEAD, | * | |
| Plaintiff, | * | |
| | * | Civil Action |
| Vs. | * | 21-C-08938-S6 |
| | * | File No.: _____ |
| JAMES RAYMOND WHITE, | * | |
| MASTEC NORTH AMERICA, INC., | * | JURY TRIAL DEMANDED |
| Defendants. | * | |

## CERTIFICATE OF SERVING DISCOVERY MATERIAL

COMES NOW, Plaintiff herein, and pursuant to the local rules of court hereby certifies that a true and correct copy of the following documents were served upon defendant via hand delivery attached to Summons and Complaint:

1. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MASTEC NORTH AMERICA, INC.
2. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JAMES RAYMOND WHITE
3. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY
4. PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JAMES RAYMOND WHITE
5. PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT MASTEC NORTH AMERICA, INC.
6. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MASTEC NORTH AMERICA, INC.
7. PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY

Respectfully submitted this 16th day of December, 2021.

By:     s/Robert A. DeMetz, Jr.
Robert A. DeMetz, Jr.
Attorney for Plaintiff
Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone: (706) 324-1227
Fax: (706) 324-1228
RDeMetz@forthepeople.com

Civil Action No.: __21-C-08938-S6__

Date Filed: ____12/16/2021____

| SUPERIOR COURT | |
|---|---|
| STATE COURT | ☒ |
| COUNTY OF __GWINNETT__ | |
| STATE OF __GEORGIA__ | |

**Attorney's Address:**
Robert A. DeMetz, Jr., Esq.
Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901

CHARLES WILLIAM HEAD

                                          **Plaintiff**

                   VS.

JAMES RAYMOND WHITE
MASTEC NORTH AMERICA, INC.

**Party to be Served:**

Mastec North America, Inc.
c/o Corporation Service Company
2 Sun Court – Suite 400
Peachtree Corners, Georgia 30092

                                          **Defendant**

                                          **Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

**GWINNETT COUNTY, GEORGIA**
I have this day served the defendant(s) _____
_____ personally with a copy of the within action and summons.

This _____ day of _____, _____.
                                          **DEPUTY SHERIFF**

**NOTORIOUS**

**GWINNETT COUNTY, GEORGIA**
I have this day served the defendant(s) _____
by leaving a copy of the action and summons at his/their most notorious place of abode in said County.

Delivered same in hands of _____, a _____
_____ described as follows:

Age, about _____ years; weight, about _____lbs; height, about _____ft. _____in.,

Domiciled at the residence of the defendant(s).

This _____ day of _____, _____.
                                          **DEPUTY SHERIFF**

**CORPORATION**

**GWINNETT COUNTY, GEORGIA**
Served the defendant _____, a corporation, by leaving a copy
of the within action and summons with _____ in charge of the office and doing
business of said corporation, in this County.

This ___5___ day of _____, _____.
                                          **DEPUTY SHERIFF**

**TACK & MAIL**

**GWINNETT COUNTY, GEORGIA**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of
the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United
States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with
adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the
summons.

**NON-EST**

**GWINNETT COUNTY, GEORGIA**
Diligent search made and the defendant(s): _____
not to be found in the jurisdiction of said Court for the following reason: _____
_____

This _____ day of _____, _____.
                                          **DEPUTY SHERIFF**

Civil Action No.: __21-C-08938-S6__

Date Filed: ____12/16/2021____

**Attorney's Address:**
Robert A. DeMetz, Jr., Esq.
Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901

CHARLES WILLIAM HEAD
_____

**Plaintiff**

VS.

JAMES RAYMOND WHITE
MASTEC NORTH AMERICA, INC.

**Party to be Served:**

Mastec North America, Inc.
c/o Corporation Service Company
2 Sun Court – Suite 400
Peachtree Corners, Georgia 30092

**Defendant**
_____
_____

**Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

GWINNETT COUNTY, GEORGIA
I have this day served the defendant(s) _____
_____ personally with a copy of the within action and summons.

This _____ day of _____, _____.

**DEPUTY SHERIFF**

**NOTORIOUS**

GWINNETT COUNTY, GEORGIA
I have this day served the defendant(s) _____
by leaving a copy of the action and summons at his/their most notorious place of abode in said County.

Delivered same in hands of _____, a _____
_____ described as follows:

Age, about _____ years; weight, about _____ lbs; height, about _____ ft. _____ in.,

Domiciled at the residence of the defendant(s).

This _____ day of _____, _____.

**DEPUTY SHERIFF**

**CORPORATION**

GWINNETT COUNTY, GEORGIA
Served the defendant _____, a corporation, by leaving a copy
of the within action and summons with _____ in charge of the office and doing
business of said corporation, in this County.

This _5_ day of _Jan_, _____.

**DEPUTY SHERIFF**

**TACK & MAIL**

GWINNETT COUNTY, GEORGIA
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON-EST**

GWINNETT COUNTY, GEORGIA
Diligent search made and the defendant(s): _____
not to be found in the jurisdiction of said Court for the following reason: _____
_____

This _____ day of _____, _____.

**DEPUTY SHERIFF**

E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-08938-S6**

**2/4/2022 4:21 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CHARLES WILLIAM HEAD,      )
      )
     Plaintiff,      )
      )
v.      )
      )     Civil Action No. 21-C-08938-S6
JAMES RAYMOND WHITE and MASTEC   )
NORTH AMERICA, INC.,      )
      )
     Defendants.      )
      )

## MASTEC NORTH AMERICA, INC.'s
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant MasTec North America, Inc. ("MasTec" or "Defendant"), by and through undersigned counsel, and hereby files this its Answer to Plaintiff's Complaint, showing the Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state specifically items of special damages sought in this action which bars Plaintiff's recovery as set forth in O.C.G.A. § 9-11-9(g).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not foreseeable to Defendant and were not proximately caused by any acts or failures to act on the part of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's alleged acts and/or omissions are not the cause or proximate cause of any injuries sustained by Plaintiff.

LEGAL\56003931\1

## FIFTH AFFIRMATIVE DEFENSE

Defendant denies any negligence on its part and shows that at all times relevant to Plaintiff's Complaint for Damages, it met or exceeded any requisite standard of care.

## SIXTH AFFIRMATIVE DEFENSE

Defendant shows that no act or omission on its part either contributed to or caused any of the alleged injuries or damages claimed by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant shows that the Plaintiff's alleged damages, if any, may have been directly and proximately caused by Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

## EIGHTH AFFIRMATIVE DEFENSE

The sole, direct, and proximate cause of any injuries or damages which Plaintiff might have sustained were due to the negligence of Plaintiff and/or some person, persons, or entities other than Defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, damages, or losses, if any, were directly and proximately caused by the intervening superseding acts and/or conduct of persons or entities other than Defendant.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of any alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff had the last clear chance to avoid any accident or injuries.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred due to his failure to mitigate his damages.

2

## THIRTEENTH AFFIRMATIVE DEFENSE

The occurrence complained of in Plaintiff's Complaint may have been caused, produced and brought about as a result of an accident, unmixed with any negligence on the part of Defendant, and/or may be barred by the doctrine of sudden emergency or act of God.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any additional defenses and matters of avoidance as may be disclosed during the course of additional investigation and discovery.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant does not know which, if any, of the defenses listed in O.C.G.A. §9-11-12(c) apply to Plaintiff's Complaint, and therefore, to preserve these defenses asserts same.

## SIXTEENTH AFFIRMATIVE DEFENSE

With respect to the specific allegations of Plaintiff's Complaint, MasTec responds as follows:

## PARTIES AND JURISDICTION

1.

Defendant states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, which therefore stand denied.

2.

Defendant states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, which therefore stand denied.

LEGAL\56003931\1

3.

The allegations contained in Paragraph 3 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

The allegations contained in Paragraph 4 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## <u>COUNT I</u>
## <u>NEGLIGENCE OF JAMES RAYMOND WHITE</u>

7.

Defendant incorporates herein by reference each of the responses to Paragraphs 1 through 6 of Plaintiff's Complaint referenced above.

8.

Defendant admits that Defendant White was employed by MasTec on November 19, 2020, and acting in the course and scope of his employment. Defendant denies the remainder of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint, which therefore stand denied.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations contained in Paragraph 11, including subparts (a) through (j), of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

## COUNT II
## NEGLIGENCE OF MASTEC NORTH AMERICA, INC.

14.

Defendant incorporates herein by reference each of the responses to Paragraphs 1 through 13 of Plaintiff's Complaint referenced above.

15.

Defendant admits that Defendant White was employed by MasTec on November 19, 2020, and acting in the course and scope of his employment. Defendant denies the remainder of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

LEGAL\56003931\1

16.

The allegations contained in Paragraph 16 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

In response to the paragraph beginning "WHEREFORE," Defendant denies that Plaintiff is entitled to any relief whatsoever.

## SEVENTEENTH DEFENSE

Except as is specifically admitted, modified, or explained herein, every allegation of Plaintiff's Complaint is hereby denied.

WHEREFORE, Defendant prays of this Honorable Court as follows:

(a)     That Plaintiff's Complaint be dismissed on the basis of the defenses raised herein;

(b)     That judgment be entered in favor of Defendant and against Plaintiff;

(c)     That all costs of this action, including attorneys' fees be assessed against Plaintiff; and

(d)     That Defendant receive such other relief as this Court deems just and proper.

Respectfully submitted this 4th day of February, 2022.

/s/ Kenan G. Loomis
Kenan G. Loomis
Georgia Bar No. 457865
Danielle C. Le Jeune
Georgia Bar No. 134222
COZEN O'CONNOR
1230 Peachtree Street, N.E.
The Promenade, Suite 400
Atlanta, Georgia  30309
Telephone:  (404) 572-2028
Facsimile:   (866) 591-9127
E-mail:kloomis@cozen.com
E-mail:dlejeune@cozen.com

*Counsel for Defendant MasTec North America, Inc.*

7

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CHARLES WILLIAM HEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 21-C-08938-S6 |
| JAMES RAYMOND WHITE and MASTEC | ) | |
| NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2022, I electronically filed the foregoing **MASTEC NORTH AMERICA, INC.'s ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court by uploading same to the Odyssey eFileGA electronic filing system, which will automatically send e-mail notification of such filing to the following attorney of record:

>Robert A. DeMetz, Jr.
>Morgan & Morgan Atlanta, PLLC
>408 12th Street – Suite 200
>Columbus, GA  31901
>rdemetz@forthepeople.com

This 4th day of February, 2022.

>/s/ Kenan G. Loomis
>Kenan G. Loomis
>Georgia Bar No. 457865

LEGAL\56003931\1

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **CHARLES WILLIAM HEAD,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | |
| **vs.** | **21-C-08938-S6** |
| **JAMES RAYMOND WHITE and MASTEC NORTH AMERICA, INC.,** | |
| **Defendants.** | |

## ANSWER AND CROSS-CLAIM OF ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY

COMES NOW, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, upon whom service of the Summons and Complaint has been made, and without waiving any of it rights or defenses, but expressly subject thereto, files this its Answer and Cross-Claim pursuant to the authority granted by O.C.G.A. § 33-7-11, and shows the Court as follows:

### FIRST DEFENSE

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY has been served with a copy of the Summons and Complaint in this case, apparently on the theory of the Plaintiff that the Defendant is an uninsured motorist and that the uninsured motorist coverage provided to Charles William Head, by ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY will be relied upon in this case. In this connection, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY states that for lack of sufficient information upon which to form a belief, it can neither admit or deny that the Defendant is an uninsured motorist within the purview of the statute referred to above, or that Plaintiffs are "insured" under the terms of said policy, nor does ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY admit the applicability of any of its coverage. ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY does not waive its rights to contest coverage, but files this response because of service upon it of the Summons and Complaint.

## **SECOND DEFENSE**

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY shows that the Plaintiff has no cause of action and has no right to proceed against it in this case in that Plaintiff has fully failed to perform the conditions precedent to maintaining this action in that Plaintiff has not obtained judgment against any person shown to be uninsured.

## **THIRD DEFENSE**

The Plaintiff's Complaint fails to state a claim against ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY for which relief can be granted.

## **FOURTH DEFENSE**

The Plaintiff has failed to perform certain conditions precedent to the bringing of this action, with the result that Plaintiff is not entitled to recover of ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY.

## **FIFTH DEFENSE**

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY answers the paragraphs of Plaintiff's Complaint as follows:

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, having been served in its capacity as Plaintiff's purported uninsured motorist carrier, is without knowledge sufficient to form a belief as to the truth of the allegations contained in Plaintiff's Complaint, as pled, and demands strict proof thereof.

## **CROSSCLAIM**

**1.**

Defendant is subject to the jurisdiction of this Court.

**2.**

Defendant is liable to ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY for any and all sums ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY may be required to pay to Plaintiff, by judgment, settlement or otherwise, pursuant to O.C.G.A. §33-7-11.

**WHEREFORE**, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY prays that Plaintiff's Complaint be dismissed, with all costs cast against the Plaintiff, and for all further relief this Court deems just and proper.

LAW OFFICE OF NANCY W. PHILLIPS

By: _____
Tameika A. Jackson
Georgia Bar No.  924903
Email:  Tameika.Jackson@allstate.com
Attorney for Unnamed Uninsured Motorist
Carrier

3200 Windy Hill Road SE, Suite 1525E
Atlanta, GA  30339-8554
(678) 365-6843

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CHARLES WILLIAM HEAD,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | **21-C-08938-S6** |
| **vs.** | |
| **JAMES RAYMOND WHITE and MASTEC NORTH AMERICA, INC.,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing ANSWER AND CROSSCLAIM OF ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY upon:

Robert A. DeMetz, Jr., Esq.
MORGAN & MORGAN ATLANTA, PLLC
408 12th St Ste 200
Columbus, GA 31901
Attorney for Plaintiff

James Raymond White
1693 Mission Rd
Marianna, FL 32448
Co-Defendant Pro se

Mastec North America, Inc.
R/A: Corporation Service Company
2 Sun Ct Ste 400
Peachtree Corners, GA 30303
Co-Defendant Pro se

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery.

This  21    day of January, 2022.

LAW OFFICE OF NANCY W. PHILLIPS

By: _____

Tameika A. Jackson
Georgia Bar No.  924903
Email:  Tameika.Jackson@allstate.com
Attorney for Unnamed Uninsured Motorist
Carrier

3200 Windy Hill Road SE, Suite 1525E
Atlanta, GA  30339-8554
(678) 365-6843

### LAW OFFICE OF NANCY W. PHILLIPS

*STAFF COUNSEL*

**All Staff Members are Employees of
Allstate Insurance Company**

*This Office is not a Partnership or a Corporation*

**3200 Windy Hill Road SE, Suite 1525E
Atlanta, Georgia  30339-8554**

**Toll Free Fax: (866) 298-5910**

| *Attorney*<br>*(678) 365-6843* | *Administrative Assistant*<br>*(770) 989-5901* | *Paralegal*<br>*(770) 989-5916* |
|---|---|---|

January 21, 2022

Clerk of Court
State Court of Gwinnett County
Gwinnett Justice & Administration Center
75 Langley Drive
Lawrenceville, GA  30046

Re:   Head vs. White, et al. & Allstate
       State Court of Gwinnett County, 21-C-08938-S6
       Our File Number: 0607471844.1

TO ALL JUDGES AND CLERKS OF COURT:

Pursuant to Uniform Superior/State Court Rule 16.1, I am writing to request a leave of absence from all court appearances in the above-styled civil action.  The period of time during which I will be away from the practice of law is as follows:

*April 4-8*
*April 11th*
*May 23-27*
*June 20th*
*Nov 21-23*
*Nov 28*
*Dec 19-Dec 30*

This leave is requested, as I will be out of town, on vacation, or in legal seminars during the above-stated period of time.

Clerk of the Court, State Court of Gwinnett County
Head vs. White, et al. & Allstate
January 21, 2022
Page 2 of 2

All affected judges and opposing counsel have been notified of my application for leave of absence by copy of this letter. Opposing counsel shall have ten days from the date of this Notice to object. If no objection is filed, the leave shall be granted.

Sincerely,

Tameika A. Jackson
Georgia Bar Number: 924903
Email: Tameika.Jackson@allstate.com

cc:     The Honorable

        ,
        Robert A. DeMetz, Jr., Esquire
        MORGAN & MORGAN ATLANTA, PLLC
        408 12th St Ste 200
        Columbus, GA 31901
        Attorney for Plaintiff

        James Raymond White
        1693 Mission Rd
        Marianna, FL 32448
        Co-Defendant Pro se

        Mastec North America, Inc.
        R/A: Corporation Service Company
        2 Sun Ct Ste 400
        Peachtree Corners, GA 30303
        Co-Defendant Pro se

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| **CHARLES WILLIAM HEAD,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | **21-C-08938-S6** |
| **vs.** | |
| **JAMES RAYMOND WHITE and MASTEC NORTH AMERICA, INC.,** | |
| **Defendants.** | |

## DEMAND FOR TRIAL BY TWELVE PERSON JURY

COMES NOW ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY and demands a trial by twelve jurors on all issues so triable.

LAW OFFICE OF NANCY W. PHILLIPS

By: _____

Tameika A. Jackson
Georgia Bar No.  924903
Email:  Tameika.Jackson@allstate.com
Attorney for Unnamed Uninsured Motorist
Carrier

3200 Windy Hill Road SE, Suite 1525E
Atlanta, GA  30339-8554
(678) 365-6843

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing

DEMAND FOR TRIAL BY TWELVE PERSON JURY upon:

Robert A. DeMetz, Jr., Esq.
MORGAN & MORGAN ATLANTA, PLLC
408 12th St Ste 200
Columbus, GA 31901
Attorney for Plaintiff

James Raymond White
1693 Mission Rd
Marianna, FL 32448
Co-Defendant Pro se

Mastec North America, Inc.
R/A: Corporation Service Company
2 Sun Ct Ste 400
Peachtree Corners, GA 30303
Co-Defendant Pro se

by placing a copy of same in the United States Mail in a properly addressed envelope with

sufficient postage thereon to ensure delivery.

This   21    day of January, 2022.

LAW OFFICE OF NANCY W. PHILLIPS

By:  _____
Tameika A. Jackson
Georgia Bar No.  924903
Email:  Tameika.Jackson@allstate.com
Attorney for Unnamed Uninsured Motorist
Carrier

3200 Windy Hill Road SE, Suite 1525E
Atlanta, GA  30339-8554
(678) 365-6843

E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-08938-S6**

**2/22/2022 1:59 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CHARLES WILLIAM HEAD,    )
        )
    Plaintiff,    )
        )
v.    )
        )    Civil Action No. 21-C-08938-S6
JAMES RAYMOND WHITE and MASTEC    )
NORTH AMERICA, INC.,    )
        )
    Defendants.    )
        )

## ACKNOWLEDGMENT OF SERVICE

The undersigned hereby acknowledges service of the **Plaintiff's Complaint and Demand for Jury Trial, Plaintiff's First Requests for Admissions to Defendant Jams Raymond White, and Plaintiff's First Set of Interrogatories and Requests for Production of Document to Defendant James Raymond White** and states that she has received a copy of said documents. Defendant James Raymond White hereby waives summons and all further service.

Respectfully submitted this 22nd day of February, 2022.

/s/ Danielle C. Le Jeune
Kenan G. Loomis
Georgia Bar No. 457865
Danielle C. Le Jeune
Georgia Bar No. 134222
COZEN O'CONNOR
1230 Peachtree Street, N.E.
The Promenade, Suite 400
Atlanta, Georgia 30309
Telephone:    (404) 572-2028
Facsimile:    (866) 591-9127
E-mail:    kloomis@cozen.com
E-mail:    dlejeune@cozen.com

*Counsel for Defendants James Raymond White and MasTec North America, Inc.*

LEGAL\56451436\1

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| CHARLES WILLIAM HEAD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    Civil Action No. 21-C-08938-S6 |
| JAMES RAYMOND WHITE and MASTEC | ) |
| NORTH AMERICA, INC., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 22, 2022, I electronically filed the foregoing *Acknowledgment of Service* with the Clerk of Court by uploading same to the Odyssey eFileGA electronic filing system, which will automatically send e-mail notification of such filing to the following attorneys of record:

> Robert A. DeMetz, Jr.
> Morgan & Morgan Atlanta, PLLC
> 408 12th Street – Suite 200
> Columbus, GA  31901
> rdemetz@forthepeople.com

This 22nd day of February, 2022.

> /s/ Danielle C. Le Jeune
> Danielle C. Le Jeune
> Georgia Bar No. 134222

LEGAL\56451436\1

E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08938-S6**
**2/28/2022 2:14 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CHARLES WILLIAM HEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 21-C-08938-S6 |
| JAMES RAYMOND WHITE and MASTEC | ) | |
| NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MASTEC NORTH AMERICA, INC.'S ANSWER TO ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY'S CROSS-CLAIM

COMES NOW Defendant MasTec North America, Inc. ("Defendant" or "MasTec"), by and through undersigned counsel, and hereby files this its Answer to Allstate Property and Casualty Insurance Company's Cross-Claim, showing the Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Some or all of Allstate Property and Casualty Insurance Company's Cross-Claim fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state specifically items of special damages sought in this action which bars Plaintiff's recovery as set forth in O.C.G.A. § 9-11-9(g) and any cross-claim related to the same.

### THIRD AFFIRMATIVE DEFENSE

If Allstate Property and Casualty Insurance Company sustained or incurred any damages, the same were caused in whole or in part by the acts of omissions of individuals or entities for whose conduct Defendant are not responsible.

## FOURTH AFFIRMATIVE DEFENSE

Defendant asserts that it is not uninsured or underinsured motorists in fact or law and that Plaintiff is not entitled to any recovery against Allstate Property and Casualty Insurance Company. Accordingly, Allstate Property and Casualty Insurance Company is not entitled to any recovery against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Defendant re-asserts any and all affirmative defenses outlined in their Answers and Defenses to Plaintiff's Complaint as though fully set forth herein.

## SIXTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any additional defenses and matters of avoidance as may be disclosed during the course of additional investigation and discovery.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant does not know which, if any, of the defenses listed in O.C.G.A. §9-11-12(c) apply to Allstate Property and Casualty Insurance Company's Cross-Claim, and therefore, to preserve these defenses asserts same.

## EIGHTH AFFIRMATIVE DEFENSE

With respect to the specific allegations of the numbered paragraphs of Allstate Property and Casualty Insurance Company's Cross-Claim, Defendant responds as follows:

## RESPONSES TO CROSSCLAIM

1.

Defendant denies the allegations contained in Paragraph 1 of Allstate Property and Casualty Insurance Company's Cross-Claim.

LEGAL\56564144\1

2.

Defendant denies the allegations contained in Paragraph 2 of Allstate Property and Casualty Insurance Company's Cross-Claim.

## PRAYER FOR RELIEF

In response to the paragraph beginning "WHEREFORE," Defendant denies that Allstate Property and Casualty Insurance Company is entitled to any relief whatsoever.

## NINTH AFFIRMATIVE DEFENSE

Except as is specifically admitted, modified, or explained herein, every allegation of Allstate Property and Casualty Insurance Company's Cross-Claim is hereby denied.

WHEREFORE, Defendant prays of this Honorable Court as follows:

(a)     That Allstate Property and Casualty Insurance Company's Cross-Claim be dismissed on the basis of the defenses raised herein;

(b)     That judgment be entered in favor of Defendant;

(c)     That Defendant receives such other relief as this Court deems just and proper.

Respectfully submitted this 28th day of February, 2022.

*/s/ Kenan G. Loomis*
Kenan G. Loomis
Georgia Bar No. 457865
Danielle C. Le Jeune
Georgia Bar No. 134222
COZEN O'CONNOR
1230 Peachtree Street, N.E.
The Promenade, Suite 400
Atlanta, Georgia  30309
Telephone:  (404) 572-2028
Facsimile:  (866) 591-9127
E-mail:kloomis@cozen.com
E-mail:dlejeune@cozen.com
*Counsel for Defendants MasTec North America, Inc. and James Raymond White*

3

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CHARLES WILLIAM HEAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES RAYMOND WHITE and MASTEC | ) |
| NORTH AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No. 21-C-08938-S6

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022, I electronically filed the foregoing **MASTEC NORTH AMERICA, INC.'S ANSWER TO ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY'S CROSS-CLAIM** with the Clerk of Court by uploading same to the Odyssey eFileGA electronic filing system, which will automatically send e-mail notification of such filing to the following attorney of record:

> Robert A. DeMetz, Jr.
> Morgan & Morgan Atlanta, PLLC
> 408 12th Street – Suite 200
> Columbus, GA  31901
> rdemetz@forthepeople.com

This 28th day of February, 2022.

> /s/ Kenan G. Loomis
> Kenan G. Loomis
> Georgia Bar No. 457865

LEGAL\56564144\1